**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** <u>CV 08-05085 SJO (JWJx)</u>          **DATE:** <u>August 8, 2008</u>

**TITLE:**          <u>Duane D. Acker v. Nabors Industries, Ltd., et al.</u>

========================================================================

**PRESENT:  THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                          Not Present
Courtroom Clerk                          Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**          **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                              Not Present

========================================================================

**PROCEEDINGS:**
ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION

Defendant F.A. Richard & Associates, Inc.'s ("FARA") Notice of Removal alleges diversity of citizenship as its jurisdictional basis for removal. However, the jurisdictional allegations are defective because the Notice of Removal conclusorily states the defendant corporations' principal places of business. These jurisdictional averments are patently insufficient under 28 U.S.C. § 1332(c) because they fail to proffer adequate facts to support the assertion that the principal places of business stated in the Notice are, in fact, the corporate parties' principal places of business.

The Ninth Circuit determines a corporation's principal place of business by examining the entity's "total activities," taking into account all aspects of the corporation's business. *See Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1094 (9th Cir. 1990) ("[T]he principal place of business should be the place where the corporation conducts the most activity that is visible and impacts the public, so that it is least likely to suffer from prejudice against outsiders.").

In determining a corporate party's principal place of business, this Court will look at the following factors:
(1)     the location of the majority of the corporation's employees;
(2)     the location of the majority of the corporation's tangible properties;
(3)     the location of the majority of the corporation's production activities;
(4)     the location where most of the corporation's income is earned;
(5)     the location where most of the corporation's purchases are made; and
(6)     the location where most of the corporation's sales take place.
*See Indus. Tectonics*, 912 F.2d at 1094; *see also John Birch Soc'y v. Nat'l Broad. Co.*, 377 F.2d 194, 197 (2d Cir. 1967) ("[D]iversity of citizenship must be apparent from the pleadings."); *Simmons v. Rosenberg*, 572 F. Supp. 823, 825 (E.D.N.Y. 1983); ("Diversity must be alleged with detail and certainty.").

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:**  <u>CV 08-05085 SJO (JWJx)</u>        **DATE:**  <u>August 8, 2008</u>

      Based on the foregoing, FARA is hereby ordered to show cause in writing on or before **August 18, 2008** why this action should not be remanded for lack of subject matter jurisdiction. An amended notice of removal correcting the deficiencies will be a sufficient response to this Order to Show Cause.

      IT IS SO ORDERED.