UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

| | |
|---|---|
| CASE NO.: CV 08-05085 SJO (JWJx) | DATE: November 18, 2008 |

TITLE: Duane D. Acker, et al. v. Nabors Well Services Co., et al.

========================================================================
PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                              Not Present
Courtroom Clerk                               Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF(S):**          **COUNSEL PRESENT FOR DEFENDANT(S):**

Not Present                                   Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER EXTENDING TIME FOR A HEARING DATE ON DEFENDANT NABORS WELL SERVICES CO.'S MOTION TO COMPEL ARBITRATION**
[Docket No. 38]

      This matter is before the Court on Plaintiffs Duane Acker and Michelle Acker's ("Acker") Ex Parte Application for an Order Extending Time for a Hearing Date on Defendant Nabors Well Services Co.'s Motion to Compel Arbitration, filed November 10, 2008. Defendant Nabors Well Services Co. ("Nabors") filed an Opposition.

      In an ex parte application, the moving party must show why it "should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). First, the moving party must show that it will be "irreparably prejudiced" if the underlying motion is heard according to regular noticed motion procedures. *Id.* Second, the moving party must show that it is "without fault in creating the crisis that requires ex parte relief[] or that the crisis occurred as a result of excusable neglect." *Id.*

      Acker has failed to make such a showing. Although Acker argues that it would be a waste of time and expense to have a hearing on Nabor's Motion to Compel Arbitration before Acker has had an opportunity to serve the newly added Defendant, Martin Alvarez ("Alvarez"), and to move for remand to California state court, Acker does not explain why it has been unable to take these actions in a timely fashion. (*See* Pl.'s Ex Parte Application for an Order Extending Time for a Hearing Date on Def. Nabors Well Services Co.'s Mot. to Compel Arbitration ("Ex Parte Application") 2, 6.) As such, Acker fails to meet the controlling standard for an Ex Parte Application. Therefore, Acker's Ex Parte Application is DENIED.

      Furthermore, in its Ex Parte Application, Acker argues that this Court lacks jurisdiction over the case because there is no longer diversity of citizenship with the addition of the individual defendant, Alvarez, a citizen of California. (Ex Parte Application 2.) However, Acker's Amended

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| **CASE NO.:** <u>CV 08-05085 SJO (JWJx)</u> | **DATE:** <u>November 18, 2008</u> |

Complaint, which added Alvarez as a defendant, is silent as to Alvarez's citizenship.  As such, Acker must amend its complaint to allege that Alvarez is a California resident.  Acker must comply with this Order by **November 28, 2008.**

   The parties are further advised that Defendant's Motion to Compel Arbitration, scheduled for hearing on November 24, 2004, is taken under submission.

IT IS SO ORDERED.